[Civ. No. 11266. Second Appellate District, Division One.—June 8, 1937.]

JOE ANN M. WALSH, a Minor, etc., Appellant, v. MARY VAN TUYLE, Respondent.

Nadia Williams for Appellant.

Kenneth J. Murphy for Respondent.

DORAN, J.—Plaintiff and appellant, Joe Ann M. Walsh, a minor, six years of age, by her guardian *ad litem*, brought this action to recover alleged damages resulting from personal injuries to herself when she was struck by an automobile driven by the defendant Mary Van Tuyle on Colorado Boulevard, west of its intersection with Everett Street, in the city of Glendale, California, about 6:30 P. M., January 22, 1936.

The defendant denied negligence in the operation of the automobile, and by her answer set up the defense of contributory negligence on the part of plaintiff.

The case was tried before a jury which gave its verdict for the defendant, and judgment for the defendant was entered accordingly. Plaintiff appeals from the judgment.

The evidence is in conflict as to whether the street lights were turned on at the time of the accident, which occurred, as described by one witness, at dusk. Respondent was driving her automobile west on Colorado Boulevard and although it is fairly established that at a point approximately two hundred or three hundred feet east of the intersection respondent was operating her automobile at a speed of twenty-five to thirty miles an hour, there is no direct evidence as to its speed at the instant of the impact. There is evidence, however, that the speed of the machine was decreased while crossing the intersection. The evidence further reveals that the automobile had crossed the intersection, and at a point approximately fifteen feet west of the westerly edge of the

pedestrian crosswalk, which was marked on and across Colorado Boulevard at the west side of the intersection, appellant undertook to cross Colorado Boulevard from the north side to the south side and ran in front of respondent's approaching automobile.

The evidence reveals that appellant was on her way to the grocery store of the witness Sheridan, located on the southwest corner of the intersection. The evidence reveals further that the child had been in the habit of patronizing Mr. Sheridan's store and that it was her custom to wait on the opposite side of Colorado Boulevard until Mr. Sheridan would appear and by motion of the hand indicate to her to cross the street. Mr. Sheridan testified that there were no cars coming from the west, "but there was one car coming from the east and it was quite a little bit away, but I just didn't want the little child to start across the street until I would give her my motion". "Q. (By counsel for defendant.) When you saw the little girl for the first time she was—you put your hand up? A. Yes, sir. Q. In that manner. And was extended out from the body? A. Yes, like that. Q. With the fingers pointed upward? A. Yes. Q. Your idea in doing that was that you did not want the little girl to cross the street just at that time? A. Yes. Q. But the little girl did cross the street by running, didn't she? . . . A. Yes, she ran."

With reference to appellant's first contention that the evidence is insufficient to support the verdict and the judgment, it is evident from a review of the record that such contention is without merit. The evidence was sufficient in every respect to justify the implied finding of the jury that respondent's operation of the automobile was without negligence and that the defense of contributory negligence was established.

Appellant's second contention, namely, that the court erred in giving and refusing certain instructions, is likewise without merit. It appears sufficient to state, and without herein setting forth such instructions, that the jury was, on the whole, properly instructed and no prejudice can be said to have resulted on account of the alleged errors in this regard of which appellant complains.

Finally, it is contended by appellant that the court erred in refusing to permit police officer Tucker to refer

to a report made of the accident, for the purpose of refreshing his memory. In that connection the following occurred at the trial after the witness had been relinquished by defendant for cross-examination: "Q. (By Mrs. Williams, counsel for plaintiff.) Did you then make a report to the police department of how long the skid marks were? A. Yes, ma'am. Mr. Murphy (counsel for defendant.) I object to that as incompetent, irrelevant and immaterial. The Court: The law provides you can't use it. Mrs. Williams: We can't use it, your Honor, but he can refresh his memory from the report, of which I have a copy, and I know they can't use it. Mr. Murphy: If the Court please, I— The Court: It is forbidden. Mr. Murphy: If the Court please, the officer did not need the report to refresh his memory. Q. I will ask you what things are you recollecting from memory at this time as to what happened in January? A. My police report at police headquarters. Q. Will you refresh your memory from your report— Mr. Murphy: I object to that as incompetent, irrelevant and immaterial; counsel well knows, and if she does not she should, the section of the Motor Vehicle Code which prevents either one of us from using the police report in civil or criminal trials. Mrs. Williams: It has been done in other cases. Mr. Murphy: I assign the remark of Mrs. Williams, 'It has been done in other cases,' as gross misconduct and prejudicial error, and I want to say that if she persists in this I intend to move for a mistrial. Mrs. Williams: All right, I will not persist. Mr. Murphy: It is up to you, Mrs. Williams."

It is apparent that no foundation was laid under the rule which entitled the witness to refresh his recollection from a memorandum made by him at the time, or within a reasonable time thereafter, of the incident. No effort was made by cross-examination to impeach the witness by showing that the alleged report or memorandum was in conflict with the witness' testimony. If counsel had knowledge that the alleged report contained statements in conflict with the witness' testimony, it was her right to cross-examine him upon the subject. There is a distinct difference between seeking to refresh a witness' recollection by reference to a memorandum, and the cross-examination of a witness with respect to such memorandum. Generally, the rule which permits a witness to refresh his recollection by reference to a memorandum is

resorted to only upon direct examination. There is no need for its application upon cross-examination. Counsel had the right to cross-examine the witness in detail with respect to any declarations made by the witness about the accident, whether made orally or in writing, in the form of a report or otherwise. Such cross-examination was not attempted, and no error, of which appellant can be heard to complain, resulted from the court's ruling in connection with the questions asked. It is not to be understood, however, that the remarks by the trial judge with reference to the officer's report, namely, ''The law provides you can't use it'' and ''It is forbidden'' are correct declarations of the law.

The judgment appealed from is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1937.